UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. PAYNE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-525-GSL-JEM |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Andre D. Payne, a prisoner without counsel, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 24-08-002102) in which he was found guilty of possessing a controlled substance. (ECF 1.) For the reasons stated, the petition is denied.

## BACKGROUND

The charge was initiated on August 25, 2024, when Sergeant P. Schmitt wrote a conduct report stating as follows:

> On the above date [8/25/2024] at approx. 0105, I SGT. Schmitt was conducting a random shakedown on Offender Payne, Andre 150319 DCH 507E, as I was searching his bed area, I observed 4 unknown sticks of unknown brownish substance wrapped in plastic, behind his bed on the floor was 11 red unknown circle pills, and a folded piece of paper with a hard white unknown rock substance.

(ECF 7-1 at 1) (errors in original). A notice of confiscated property and photographs of the items were included with the report. (ECF 7-2; ECF 7-3.)

On October 1, 2024, Payne was formally notified of the charge and pled not guilty. (ECF 7-4.) He requested a lay advocate and one was appointed for him. (ECF 7-4; ECF 7-5.) He requested that the substances be tested by a laboratory and also requested witness statements from Officers B. Hall and J. Gonzalez to say that they "never saw anything in my cell." (ECF 7-4.) The substances were sent for laboratory testing and tested positive for the presence of methamphetamine. (ECF 7-10.) Witness statements were also obtained from the two officers, both of whom stated that Sergeant Smith discovered the items behind Payne's bed and confiscated them. (ECF 7-8 at 1-2.)

Payne protested that the witness statements appeared to be identically worded. The hearing officer postponed the hearing to look into this issue and subsequently obtained clarifying statements from both officers. (ECF 7-6; ECF 7-9.) In his clarifying statement, Officer Gonzalez confirmed that he was involved in the search of Payne's cell, although it appears he had taken Payne to the shower for a strip search when Sergeant Smith discovered the items behind the bed. (ECF 7-9 at 1.) Officer Hall confirmed that he witnessed Sergeant Smith search Payne's cell and discover the items behind Payne's bed. (*Id.* at 4.)

A hearing was held on October 10, 2024. (ECF 7-7.) In his defense, Payne argued that the evidence card was not properly completed. (*Id.*) He also asserted that the officers' statements "were not written by them," that the items found in his cell were only "coffee," and that the laboratory test results were "fake." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) As a result, he lost 90 days of earned

credit time in addition to other sanctions. (*Id.*) His administrative appeals were denied.[1] (ECF 7-11; ECF 7-12.)

## ANALYSIS

When prisoners lose earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decision-maker regarding the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The court understands Payne to be claiming that he was denied evidence.[2] (ECF 1 at 2-3.) Inmates have a right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564. At screening, Payne requested testing of the substances in his cell. This occurred, and the tests were positive for the presence of methamphetamine, a controlled substance under Indiana law. IND.

---

[1] Payne was separately charged with engaging in an unauthorized financial transaction based on additional evidence Sergeant Schmitt found with the controlled substances. (*See* ECF 7-11 at 7-17.) A hearing was held and he was found guilty. (*Id.*) He appears to have filed a joint appeal as to both charges, but any alleged error stemming from the financial transaction charge falls outside the scope of the present case.

[2] By operation of N.D. IND. L. CR. R. 47-2, Payne had until November 3, 2025, to file a traverse in support of his petition. None was filed by that deadline. The court on its own motion extended the deadline to December 12, 2025. (ECF 8.) No traverse was filed by that deadline either.

3

CODE § 35-48-2-6(d)(2). He also requested witness statements from Officers Gonzalez and Hall, which were obtained. When Payne raised a concern about the statements, the hearing officer obtained clarifying statements from both officers. (ECF 7-9 at 1, 4.)

Payne complains that the clarifying statements were provided in emails, but he had no right under *Wolff* to witness statements in a particular form. Furthermore, regardless of the format, the statements were signed by the officers to verify their accuracy. Payne also argues that he did not receive the clarifying statements seven days in advance of the hearing, but this is not a right enumerated in *Wolff* either. Due process afforded him a right to request evidence in his defense, but not necessarily to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* The witness statements he requested were considered by the hearing officer, which is all that due process required. If he is arguing that prison policies were violated in connection with these witnesses, that does not present a basis to grant him federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (observing that prisoner's "arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

Moreover, even if he could show that some error occurred in connection with the handling of these witnesses, the right to evidence under *Wolff* only applies to evidence that is exculpatory, meaning "evidence which tends to establish innocence." *Wilson v. Castaneda*, 143 F.4th 814, 819 (7th Cir. 2025). Nothing in the original or clarifying

4

statements provided by the two officers tends to establish Payne's innocence. Instead, their statements corroborate Sergeant Smith's account regarding the search of Payne's cell and the items that were recovered.

It appears Payne wanted to question the officers about whether they personally drafted their witness statements. However, even if he had elicited such testimony, it would not have undercut the evidence of his guilt, namely, Sergeant Smith's account of where he found the items and the laboratory test results showing they contained methamphetamine. Payne also wanted to ask one of the officers about his statement that he thought the items might be coffee or tobacco when he first saw them. (*See* ECF 7-9 at 1.) What the officer thought when looking at the items with his naked eye would not have undercut the laboratory test results showing that they contained methamphetamine. Payne has not established a due process violation on this ground.

Payne's petition can also be read to challenge the sufficiency of the evidence. (ECF 1 at 2-3.) To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some

evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Determining whether the "some evidence" test is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Payne was found guilty of disciplinary offense B-202, "[p]ossession or use of any unauthorized controlled substance pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a controlled substance analog or a lookalike substance." (ECF 7-13 at 3.) The disciplinary code defines "possession" as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." (ECF 7-14 at 6.) The code further provides:

> [A]n incarcerated individual is presumed to be responsible for any property, prohibited property, or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an incarcerated individual's control include, but are not limited to the door track, window ledge, ventilation unit, plumbing and the incarcerated individual's desk, cabinet/locker, shelving, storage area, bed and bedding materials in their housing assignment[.]

(*Id.*)

Here, the evidence shows that items were found behind Payne's bed, an area within his control, that tested positive for methamphetamine, a controlled substance under Indiana law. IND. CODE § 35-48-2-6(d)(2). The conduct report and laboratory test results provide sufficient evidence that Payne violated the disciplinary code. Payne

does not dispute that the items were behind his bed and instead protests that they were not controlled substances. However, the hearing officer was not required to credit his denials over the laboratory test results, nor is it the role of this court to reweigh the evidence to make its own determination of guilt or innocence. *Hill*, 472 U.S. at 455. There is sufficient evidence in the record to satisfy due process. Therefore, the petition will be denied.

    For these reasons, the court:

    (1) DENIES the habeas corpus petition (ECF 1);

    (2) DIRECTS the clerk to enter judgment in this case.

    SO ORDERED on January 20, 2026

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT